IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERTO MARTINEZ, § | |
| #02067337, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-3093-N-BK |
| § | |
| PEACE OFFICER KAISER, § | |
| DEFENDANT. § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

I.   BACKGROUND

On November 20, 2018, Plaintiff Roberto Martinez, a state prisoner, filed a *pro se* complaint against Security Officer David Presley and Peace Officer Kaiser. Doc. 3 at 3. He asserted constitutional violations stemming from his arrest on June 18, 2011, and his subsequent prosecution for failure to register as a sex offender in 2012. Doc. 3 at 4. On January 25, 2019, Martinez filed the operative Fourth Amended Complaint ("*Amended Complaint*"), only asserting claims against Officer Kaiser and, thus, abandoning claims against Presley.[1] Doc. 9 at 3-4.

---

[1] Martinez's *Amended Complaint* entirely superseded and replaced his previous complaints. *Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

Martinez alleges that Kaiser failed to investigate "all material evidence," contact witnesses, and gather "all the necessary information about the witnesses"—including the purported 911 caller—before arresting him on June 18, 2011.  Doc. 9 at 4, 6.  Further, he avers that Kaiser "conspired to imprison and register [him] as a sex offender [for] life" through his testimony at the June 12, 2012 trial.  Doc. 9 at 7.  By this action, Martinez seeks "redress of grievances" and damages for the alleged constitutional violations.  Doc. 9 at 4.

Online research reveals that on June 12, 2012, a jury convicted Martinez, under the alias of Roberto Arnoldo Barrientos, of misdemeanor indecent exposure for the conduct underlying his June 18, 2011 arrest, and he was sentenced to 180 days confinement.  *See State v. Barrientos*, No. M11-13388 (Crim. Dist. No. 3, Dallas Cty., June 12, 2012), *aff'd*, No. 05-12-00882-CR (Tex. App.—Dallas July 17, 2013).  Subsequently, Martinez was twice convicted of failing to register as a sex offender, the latter conviction enhanced by the prior conviction, and was sentenced to 18 months in state jail and 7 years in prison, respectively.  *See State v. Martinez*, No.  F11-13303-W (363rd Jud. Dist. Court, Dallas Cty., Apr. 24, 2012), *aff'd*, No. 05-12-00648-CR (Tex. App.—Dallas June 24, 2013); *State v. Martinez*, No.  F14-00302-J (Crim. Dist. No. 3, Dallas Cty., Sep. 17, 2014), *aff'd,* No. 05-14-01238-CR, 2015 WL 6750812 (Tex. App.—Nov. 4, 2015, pet. ref'd).  On  December 19, 2017, Martinez was again convicted of failure to register, enhanced with previous conviction, and was sentenced to two years' confinement.  *State v. Martinez*, No.  F17-18761-K (Crim. Dist. Court No. 4, Dallas Cty., Dec. 19, 2017).[2]  It is this offense for which he is presently confined.

---

[2] State trial and appeal records are available at http://courtecom.dallascounty.org/publicaccess/ and http://search.txcourts.gov/CaseSearch.aspx?coa=coa05&s=c (last accessed Mar. 4, 2019).

**II.     ANALYSIS**

Because the plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Martinez fails to state a viable claim.

Martinez maintains that he was wrongfully arrested on June 18, 2011, and that by his June 12, 2012 testimony, Kaiser conspired to imprison and require that he register as a sex offender for life. Thus, the deadlines for filing suit for wrongful arrest and conspiracy to wrongfully imprison were June 18, 2013 and June 12, 2014, respectively. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (state forum's personal injury statute of limitations applies in a section 1983 case); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (Texas section 1983 actions are governed by the two-year personal injury limitations period; court can raise

affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2019). October 24, 2018 is the earliest possible date on which Martinez's original complaint can be deemed filed[3]--well outside of both limitations' periods.

Martinez cannot demonstrate that he is entitled to equitable tolling of either limitation period due to a "legal disability." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2019) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). And his imprisonment does not provide a basis to toll the statute of limitations under Texas law. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Accordingly, Martinez's *Amended Complaint*, Doc. 9, wholly fails to state a claim to relief that is plausible on its face. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (concluding that when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009) ("leave to amend is not required . . . if the plaintiff has already pleaded his 'best case.'"). For the reasons outlined

---

[3] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff did not sign and date the original complaint. Doc. 3 at 5. However, he mailed it along with the certificate of inmate trust account, which was dated on October 24, 2018, Doc. 4, and the envelope with both documents was post-marked on October 25, 2018. Doc. 3 at 9.

herein, Martinez's claims are fatally infirm. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

**SO RECOMMENDED**.

March 12, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).